UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHRISTOPHER M. MAJOR, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 14-251-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Petitioner Christopher M. Major's Petition for Declaration of Rights Pursuant to 28 U.S.C. § 2241. [Record No. 1] Because § 2241 is not the proper avenue for obtaining the relief sought, the Court will deny the petition.

**I.**

On April 26, 2008, Major pleaded guilty in the Jessamine Circuit Court to an indictment charging him with: (i) driving under the influence — his fourth or subsequent offense within a five-year period; (ii) driving under the influence with a suspended license — second offense; (iii) receiving stolen property worth over $300.00; and (iv) being a first-degree persistent felony offender. The circuit court imposed a 15-year sentence in light of the persistent felony offender enhancement.

Major recently filed a motion requesting re-sentencing pursuant to Kentucky Revised Statute § 532.080(3). However, the circuit court denied that motion on March 20, 2014. [*See Major v. Kentucky*, No. 5: 14-188-JMH (E.D. Ky. 2014), Record No. 1-1, pp. 1-8] ("Major I")].

Major then filed a Notice of Removal on May 14, 2014, seeking immediate release under a number of federal statutes including 28 U.S.C. § 2254. [*Id.*, at Record No. 1] On June 3, 2014, Major also filed a "Motion for Relief Pursuant to Rule 60,"; a "Motion to Vacate Pursuant to the U.S. Const., Federal Civil Judicial Procedure and Rules, and the Emancipation Proclaimation (*sic*),"; a "Motion for Assitance (*sic*) of Counsel,"; a "Demand for Jury Trial Pursuant to Rule 38,"; and a "Petition for Declaration of Rights Pursuant to 28 U.S.C. § 2241." [*Id.*, at Record Nos. 4, 5, 6, 6-1, 7] The Court dismissed and remanded that action on June 5, 2014, noting that Major's notice of removal under 28 U.S.C. § 1455 was untimely, failed to allege a deprivation of constitutional rights predicated upon racial discrimination under 28 U.S.C. § 1443(1), and was unwarranted because his criminal prosecution was no longer pending. [*Id.*, at Record No. 3] Major filed a notice of appeal from that decision on June 19, 2014. [*Id.*, at Record No. 8] The Court then denied Major's five ancillary motions on jurisdictional and substantive grounds on June 25, 2014. [*Id.*, at Record No. 10]

On June 16, 2014, Major sent new photocopies of his motions for relief — identical in all respects to the ones he filed in Major I except for the omission of the prior case number. The Clerk docketed Major's "Petition for Declaration of Rights Pursuant to 28 U.S.C. § 2241," as *Major v. Kentucky*, No. 5: 14-cv-251-DCR (E.D. Ky. 2014). In the pending § 2241 petition, Major states without explanation or argument that the Jessamine Circuit Court lacked jurisdiction to enter judgment against him, and asks the Court to release him from custody. [Record No. 1, pp. 1-2]

**II.**

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Major challenges the validity of the conviction entered by a state court, his petition is subject to the additional restrictions set forth in 28 U.S.C. § 2254. *Rittenberry v. Morgan*, 468 F.3d 331, 334-37 (6th Cir. 2006); *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001). This includes the requirement that the petition be filed within one year after the date his conviction became final on direct review. 28 U.S.C. § 2244(d)(1)(A).

Major was sentenced on April 26, 2008, and does not appear to have taken any direct appeal, as he filed a motion for collateral relief pursuant to RCr 11.42 on September 18, 2008. *See Major v. Com.*, No. 2011-CA-000459-MR, 2012 WL 3136814 (Ky. App. Aug. 3, 2012). Therefore, the one-year statute of limitations to seek habeas relief expired on April 26, 2009, and any § 2254 petition would be time-barred. However, the Court does not deny the petition on this ground. While Major seeks relief available only under § 2254, the Court cannot recharacterize his § 2241 petition to one filed under that section without prior warning of the consequences of that change, including the limitations on second or successive petitions. *See Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Martin v. Overton*, 391 F.3d 710, 713-14 (6th Cir. 2004). But offering Major the opportunity to accept a recharacterization to a § 2254 petition would be futile because the petition would plainly be time-barred. *Cf. Arbing v. United States*, No. 11-CV-286-WDS, 2011 WL 6122557, at *2 (S.D. Ill. Dec. 8, 2011) (declining to recharacterize petition as initial § 2255 motion where it was time-barred) (citing *United States v. Martin*, 357

F.3d 1198, 1200 (10th Cir. 2004). Instead, the Court will dismiss the petition filed under § 2241, without prejudice, for failure to state viable grounds for relief under that section, leaving to him the choice to pursue relief under § 2254, notwithstanding the time bar. *Martin*, 391 F.3d at 714.

### III.

For the reasons discussed above, it is hereby

**ORDERED** that Major's Petition for Declaration of Rights Pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

This 3rd day of July, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge